UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOOTH AMERICAN COMPANY,

      Plaintiff,

                                        Civil Case No. 13-11391
v.                                       Honorable Linda V. Parker

BOSE MCKINNEY & EVANS, LLP,
and RONALD M. SOSKIN,

      Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER AND/OR CLARIFY OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This is a legal malpractice action arising from Defendants' representation of Plaintiff Booth American Company ("BAC") in connection with the negotiation and drafting of agreements to redeem certain BAC stock.  Defendants had filed a motion for summary judgment, which this Court denied in an opinion and order entered September 11, 2014.  (ECF No. 38.)  An amended opinion and order was issued on September 12, 2014, in order to correct a typographical error in the initial decision.  (ECF No. 39.) Presently before the Court is Defendants' motion for reconsideration and/or clarification of the Court's decision, filed September 25, 2014.  (ECF No. 42.)  On September 26, 2014, this Court issued a Notice informing the parties that BAC could submit a response to Defendants' motion, if it wished to do so.  BAC filed a response on October 3, 2014.  (ECF No. 44.)  For

the reasons that follow, the Court denies Defendants' motion.

Defendants seek reconsideration pursuant to Eastern District of Michigan Local Rule 7.1, which provides in part:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one which is "obvious, clear, and unmistakable." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citing *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich.1997)). Defendants contend that the Court's decision denying their summary judgment motion contains three defects.

First, Defendants argue that the Court erred in "holding" as a matter of law that BAC's claims are timely under Michigan's six-month "discovery rule." (ECF No. 42 at Pg ID 1102.) Defendants argue that the Court at least should have found genuine issues of material fact as to whether BAC reasonably "should have known" of its loss when it executed the Indemnification Agreement. (*Id*. at 1102-03.) For the reasons discussed in the Court's decision, however, it has found no factual dispute relevant to this issue. As such, it was a legal question for the Court to resolve based on the undisputed facts. Specifically, based on those facts, the

2

Court rejected Defendants' argument (that it now reasserts in its motion for reconsideration) that the six-month limitations period began to run when the agreement was executed.

Defendants next argue that the Court erred in allowing BAC's malpractice "claim to proceed on a theory that [Defendants] allegedly gave negligent advice regarding 'what the termination date meant for purposes of the JLB Owners' future liability' or otherwise relating to purported negligent advice." (ECF No. 42 at 1107, quoting ECF No. 39 at 28-29.) Defendants contend that expert testimony is needed for such a claim and that BAC lacks such evidence. Defendants have misconstrued the Court's decision.

The Court did not hold that Defendants may have committed malpractice by misadvising BAC with respect to the meaning of the Indemnification Agreement's termination clause. What the Court held was that there is a genuine issue of material fact with respect to whether Defendants committed malpractice by drafting an Indemnification Agreement that failed to reflect the intent of their client, BAC. Notably, the Court found evidence– in fact undisputed evidence– reflecting that the parties on both sides of the agreement shared this intent. BAC has expert opinion evidence with respect to whether the Indemnification Agreement accomplished this well-understood objective and whether Defendants breached their standard of care in proposing and recommending that BAC execute

3

the agreement.

Lastly, Defendants claim that the Court failed to address whether BAC's causation theory is speculative as a matter of law under the Michigan Court of Appeals' decision in *Bordener v. Herrington*, Nos. 254877, 256359, 2005 WL 3506594 (Dec. 22, 2005) (unpublished). In *Bordener*, the court held that the plaintiffs could not establish the causation element of their legal malpractice claim "because there was no evidence presented" that the other party to the agreement would have agreed to the terms the plaintiffs asserted should have been included. *Id*. at *2. Although this Court did not mention *Bordener* by name in its decision, it addressed Defendants' argument by implication when discussing Defendants' contention that an opinion offered by BAC's expert, Bruce Haffey, should be disregarded as it was allegedly based on speculative facts. (ECF No. 39 at Pg ID 1089.) As the Court found, the opinion was not based on speculation because record evidence indicates the other party would have agreed to a formulation of the Indemnification Agreement that BAC claims should have been included. (*Id*.) As such, *Bordener* is distinguishable.

In short, Defendants fail to demonstrate a palpable defect in the Court's decision denying their summary judgment motion. Further, the Court believes that the decision does not require clarification.

Accordingly,

**IT IS ORDERED**, that Defendants' Motion to Reconsider and/or Clarify Opinion and Order Denying Defendants' Motion for Summary Judgment is **DENIED**.

        S/ Linda V. Parker
        LINDA V. PARKER
        U.S. DISTRICT JUDGE

Dated: October 22, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 22, 2014, by electronic and/or U.S. First Class mail.

        S/ Richard Loury
        Case Manager